JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
FCS Capital, LLC, Barry Shargel, and Emil Yashayev

### DEFENDANTS
Joshua L. Thomas, Esquire

**(b)** County of Residence of First Listed Plaintiff: **Bergen**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Delaware**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lionel Artom-Ginzburg, Esq., 834 Chestnut Street, Suite 206, Philadelphia, PA 19107. (215) 925-2915.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [x] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [x] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. s1391

Brief description of cause:
Legal Malpractice

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: Wolson
DOCKET NUMBER: 2:18-cv-03723

DATE: Nov 9, 2020

SIGNATURE OF ATTORNEY OF RECORD
*/s/ Lionel C. Artom/*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __30 Montgomery St., Suite 1200, Fort Lee, NJ 07302__

Address of Defendant: __225 WILMINGTON-WEST CHESTER PK STE 200 Chadds Ford, PA 19307__

Place of Accident, Incident or Transaction: __Eastern District of Pennsylvania__

---

**RELATED CASE, IF ANY:**

Case Number: __18-cv-03723__   Judge: __Wolson__   Date Terminated: __12/11/2019__

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☑   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☑ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __11/09/2020__   _(signature)_   __88644__
Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☑ All other Diversity Cases
   *(Please specify):* __Legal Malpractice__

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____   *Sign here if applicable*   _____
Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Fcs Capital et al. : CIVIL ACTION

v. :

Joshua L. Thomas, Esquire : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 11/9/2020 | Lionel Artom-Ginzburg | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-925-2915 | 267-930-3934 | Lionel@artom-ginzburg.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE FEDERAL DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FCS Capital, LLC<br>And Barry Shargel and Emil Yashayev | : <br> : Case No. 2:20-cv- <br> : |
| v. | : <br> : |
| Joshua L. Thomas, Esquire | : |

COMPLAINT

A.  Introduction

This is a legal malpractice action brought in connection with the Defendant's representation of the Plaintiffs in a prior action, No. 2:18-cv-03723-JDW, <u>Shelton v. FCS Capital et al.</u>. Pursuant to Local Rule 40.1(b)(3)(A), this is a related case which should be assigned to Judge Wolson, as it pertains to "the same issue of fact or grows out of the same transaction as another suit[.]"

B.  Jurisdiction/Venue/Jury

Venue is proper under 28 U.S.C. §1391, in that the malpractice alleged occurred in this District and Court. Jurisdiction is founded in complete diversity between Plaintiffs, citizens of New York (Shargel) and New Jersey (FCS Capital, LLC and Yashayev), and Defendant, a citizen of Pennsylvania, and is thus proper under 28 U.S.C. §1332. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332. A jury trial is demanded.

C.  Factual allegations

1.  Plaintiff, FCS Capital, LLC ("FCS Capital"), is a limited liability company with a primary place of business located in New Jersey.

2. Plaintiff, Barry Shargel ("Shargel"), is an adult individual who lives in the state of New York.

3. Plaintiff, Emil Yashayev, ("Yashayev") is an adult individual who lives in the state of New Jersey.

4. Defendant, Joshua L. Thomas, Esquire ("Thomas"), is an adult individual living and working in the state of Pennsylvania.

5. In August of 2018, a suit was brought by one James Shelton, against the now-Plaintiffs, then-Defendants, FCS Capital, in the Federal District Court of the Eastern District of Pennsylvania, and docketed at No. 2:18-cv-03723-JDW ("Shelton case"), and concerning alleged violations of the Telephone Consumers Protection Act of 1991 ("TCPA"), codified at 47 U.S.C. §227.

6. Shargel, Yashayev, and FCS Capital are engaged in a consulting business.

7. Shelton alleged that Shargel, Yashayev, and FCS Capital ("the FCS parties") had violated the TCPA by making calls to a telephone number owned by him which was on the Federal Do-Not-Call list.

8. Plaintiffs retained Defendant Thomas, a lawyer admitted in the states of Pennsylvania and New Jersey, to defend them in the Shelton case.

9. Plaintiffs instructed Thomas that the calls alleged in the Complaint were (a) made to a number which is listed as a business number on Mr. Shelton's website, and thus the TCPA was not applicable to the call; (b) that they do not own or use an automatic dialer in their business, another requirement for the TCPA to attach; (c) that all but one of the calls alleged had been made by an individual who no longer worked for FCS Capital at the time of the calls, and that (d), the remaining call, allegedly made by Barry Shargel, one of the principals of FCS Capital, did not appear in any phone records for the date and time alleged by Mr. Shelton.

10. In short, the FCS Parties gave Thomas enough information and evidence, from the time of his retention, for a complete and meritorious defense from the lawsuit brought by Shelton.

11. Indeed, these affirmative defenses were included in the Answer Mr. Thomas filed in his Answer to the Complaint, on April 30, 2019.

12. The individual Plaintiffs communicated with Defendant on at least 13 separate occasions between April 30, 2019 and September 17, 2019.

13. On September 17, 2019, a Motion for Summary Judgment was filed by the Plaintiffs in the Shelton case, with a response deadline of 14 days later, or October 1, 2019.

14. Part of the grounds for Summary Judgment were that no discovery, including answers to Admissions under F.R.C.P. 36, had been provided by the FCS Parties, and the averments of the Admissions were therefore admitted.

15. The reason the FCS parties did not provide discovery was because their attorney, the Defendant, never informed them of any discovery requests.

16. In fact, during the weeks leading up to the filing October 1st filing deadline, Thomas communicated with the FCS parties *only once* on September 24, 2019 and at that time said nothing about the Motion nor the impending deadline.

17. On October 8, 2019, one week after the filing deadline, Defendant filed a Motion for Extension of Time indicating that an additional two weeks were required to provide a "comprehensive" response to the Motion. At this point Thomas still had not informed the FCS parties of the Motion or its filing deadline which had now passed.

18. The Motion for Extension of Time stated that an additional two weeks was needed to provide a "comprehensive" response to the Motion.

19. The Motion for Extension of Time was filed with The Honorable Joshua Wolson, who had been assigned the case on June 26, 2019.

20. Judge Wolson's Policies and Procedures, page 9, states that all requests for a continuance of time should be made two weeks before the deadline in question.

21. Because Thomas violated Judge Wolson's policy by improperly requesting an extension one week after the filing deadline.

22. However, the Motion for Extension of Time was rendered moot when the Court struck the Motion for Summary Judgment for not obeying the Courts' Policies and Procedures, on October 8, 2019.

23. Plaintiffs filed a second, Amended Motion for Summary Judgment, this time following Judge Wolson's requested format, on October 8, 2019.

24.     The applicable deadline, according to Local Rule 7.1, would therefore be October 22, 2019.

25.     Coincidentally, this was the same period of time that Thomas had asked for in his Motion for an Extension.

26.     If two weeks were all that were needed, surely Thomas had sufficient time to respond.

27.     Between October 8, 2019 and October 22, 2019, Thomas did not contact his clients via telephone, email, or SMS.

28.     On October 22, 2019, Mr. Thomas filed a 2nd Motion for Extension of Time, requesting an additional two weeks.

29.     That same day, the Court denied Thomas' request, pointing out in its Order that not only had Thomas failed to request a continuance seven days in advance as per the Policies and Procedures, but that the continuance was solely based on Thomas' "inattentiveness to this litigation, as evidenced by the docket" and that he had now had more than a month to file a response to what was substantively the same Motion.

30.     Rule 6(b) of the Federal Rules of Civil Procedure explain to the practitioner what needed to be done next:

> *"(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion[...]*
>
> *(2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect[....]"*

32.     Thomas did not inform his clients of his failure to file a response.

33.     Indeed, he did not talk to his clients at all until December 10, 2019.

34.     The phone records indicate that on that day, Shargel called Thomas twice, each for one minute.

35.     Shargel is without recollection, upon knowledge, information, and belief as to whether he even spoke to Thomas that day, or merely left voicemail messages.

36. On December 11, 2019, Thomas having not filed a Rule 6(b) Motion together with a proposed Response to the Summary Judgment Motion (or even a bare Affidavit in Response) in the 51 days since his Motion for Extension of Time was denied, the Court ruled on the Summary Judgment Motion brought by Plaintiffs, granted Summary Judgment on Counts I and II of the Plaintiff's Amended Complaint, and awarded the Plaintiffs $54,000 in damages against the FCS Parties, including the individuals.

37. Even at this late date, the Court's Order allowed Thomas to file a memorandum of no more than five pages to argue in regards to whether the Court should grant summary judgment as to Count IX of the Amended Complaint.

38. <u>According to the Court's Order of December 13, 2019, Thomas emailed the Court's chambers to indicate he would not be filing such a memorandum.</u>

39. Local Rule 7.1 of the Rules of Civil Procedure would have permitted a reconsideration within 14 days of the grant of the motion.

40. <u>No such motion was filed.</u>

41. The Court nonetheless denied summary judgment on that count and marked the case closed.

42. Until January 8, 2020, Thomas still had the option of filing a Rule 59 Motion for a New Trial, which combined with an attached Response to the unanswered Motion, a sufficient apology to the Court and a showing of excusable neglect <u>might</u> have undone his failure to respond.

43. Between December 11, 2019 and January 8, 2020, Thomas spoke to his clients for a grand total of one minute, at 3:59pm on January 2, 2020.

44. At this date, the FCS parties were still completely unaware that their attorney had failed to file a response to summary judgment, and that summary judgment had in fact been entered against them.

45. On January 27, 2020, Thomas filed a Motion for Reconsideration, apparently seeking relief under sections 60(b)(2) (late discovered evidence), 60(b)(3) (fraud by opposing party) and 60(b)(6) (catchall) of the Federal Rules of Civil Procedure.

46. None of the evidence presented in the Motion for Reconsideration was new—much of it was addressed in the Opinion of the Court dated December 11, 2019.

47. Allegations of fraud against the opposing party were made, but not substantiated in any way.

48. Nor could they be, because Thomas' failure to respond to the admissions in the case earlier had deemed Shelton's version of the facts admitted by default.

49. Finally, Rule 60(b)(6) requires a showing of excusable neglect, that is, that the failure to respond was due in some part to unusual circumstances beyond the control of the filer.

50. No such excusable neglect was even alleged by Thomas.

51. The Court also noted that there was literally nothing in the Motion that could not have been filed as a reconsideration within 14 days of the granting of the Motion on December 11, 2019, and it was therefore untimely under Local Rule 7.1.

52. The Court therefore denied the Motion for Reconsideration two days later, on the 29th of January, 2020.

53. The FCS parties, still unaware that there was a judgment against them, attempted to call and text Thomas on February 4, 2020.

54. They did not speak to Thomas again until March 10, 2020, a two minute conversation in which Thomas again failed to inform them of the judgment against them.

55. On May 26, 2020, the Court entered an Order that post-judgment discovery needed to be answered by June 1, 2020.

56. No such discovery was provided to the FCS parties; they were still unaware of the judgment.

57. On June 1, no post-judgment discovery having been provided to his clients to answer, Thomas filed a second Motion for Reconsideration and a Motion for Preliminary Injunction.

58. The second Motion for Reconsideration includes more evidence as to the character of Mr. Shelton.

59. It does not, however, provide any legal basis for relief, in that, as the Court pointed out, in its Opinion, the Motion failed to establish that the evidence was admissible in court.

60. As well, no allegation which seriously suggests fraud was ever raised by Thomas in the Motion, only that Shelton was an aggressive serial plaintiff.

61. The Court denied the second Motion for Reconsideration as well as the Motion for Preliminary Injunction on June 17, 2020.

62. On June 29, 2020, after telling the FCS parties that he had had a disagreement with Judge Wolson about a Rule of Evidence (and omitting the fact that he did not answer the Summary Judgment motion), Thomas took an appeal to the Third Circuit Court of Appeals.

63. Thomas knew or should have known that the appeal was frivolous, given that the Court could not rule in any other manner due to his failure to file a response to the Admissions and Motion for Summary Judgment, or offer a proposed Response to the Motion for Summary Judgment on a reconsideration.

64. Thomas still had not told the clients about the judgment, or provided them with the post-judgment discovery.

65. That same day, Shelton's counsel filed Motions for Contempt and for Rule 37 Sanctions based on a failure to provide post-judgment discovery.

66. Thomas responded, but did not inform his clients of the impending sanctions or contempt.

67. A Motion hearing, held on July 17, 2020, apparently went badly enough for Thomas that finally, on July 20, 2020, he provided the post-judgment interrogatories to his clients.

68. It is at this point, more than 8 months after the judgment, that the FCS Parties were informed that a judgment had been entered against them in December, that it was for $54,000, and that the Court had ordered them to answer post-judgment interrogatories.

69. A Petition for Attorney's Fees was filed against the FCS Parties, together with a 2nd Motion for Sanctions, on July 27, 2020.

70. While Thomas was again in contact with his clients, he did not file a response to the Motion for Attorney's Fees.

71. Attorney's fees were awarded against the FCS Parties on September 1, 2020.

72. A third Motion for Sanctions was filed against the FCS Parties on September 4, 2020.

73. On September 22, 2020, the Court ordered a deadline of September 25, 2020 for producing documents in relation to the post-judgment discovery.

74. No such documents were filed, and on September 25, Shelton's counsel filed a Motion for Contempt.

75. The FCS Parties indicated that they wanted to be present (via Zoom) for the upcoming sanctions hearing.

76. They were not given the Zoom information by Thomas, and the sanctions hearing was held in their absence on October 2, 2020, the sanctions being granted.

77. They retained the undersigned counsel later that day, after being informed for the first time about the hearing being held in their absence and the attorney's fees which had been awarded on September 1.

78. On October 2, 2020, Thomas received a fax from the undersigned counsel, requesting his malpractice carrier information.

79. A follow up letter was sent by fax on October 7, 2020, with no response.

80. Thomas denied, in a court pleading on October 9, 2020, having ever received a fax from the undersigned counsel.

81. Fax confirmation sheets, proving delivery, were subsequently filed with the Court.

82. On November 4, 2020, a day long sanctions hearing was held before Judge Wolson of the Eastern District of Pennsylvania.

83. Judge Wolson found that Thomas had made false statements to the Court on numerous occasions, had failed to inform his clients of many matters relating to the litigation, and ordered Thomas to obtain the transcript of the day-long hearing and supply it to the Court so that the Court could supply it to the Disciplinary Boards of Pennsylvania, New Jersey, and the Federal District Courts therein, and barred Thomas for a year from filing any actions in the Eastern District of Pennsylvania or Bankruptcy Court without Judge Wolson's prior appproval.

84. As a result of Thomas' failures to act in a prompt and competent manner, Plaintiffs have a $54,000 judgment against them, as well as have, at time of filing, had more than $7,000 in plaintiff's attorney's fees awarded against them.

85. Plaintiffs' bank accounts, credit processing, and bank processing services have all been shut down as a result of execution practice relating to the judgment.

86. Plaintiffs' business has been shut down as a result of execution practice relating to the judgment.

87. Plaintiffs have expended monies for legal fees to attempt to ameliorate, mitigate, or reverse Thomas' actions.

88. Plaintiffs have expended monies for Thomas' legal fees.

## COUNT I

### Professional Negligence

89. Plaintiffs incorporate their averments 1-88, above, as if they were set forth here in full.

90. The aforesaid damage to Plaintiffs was due to the professional carelessness and negligence of the Defendant, such carelessness and negligence consisting, but not limited to, the following:

    a)     Failure to follow the Rules of Professional Conduct, including but not limited to Rules 1.1 (competence), 1.3 (diligence), 1.4 (communication with client), 2.1 (advice to clients), 3.1 (meritorious claims), 3.2 (expediting litigation), 3.3 (candor to the tribunal), 3.4 (fairness to opposing party and counsel), 4.1 (truthfulness in statements to

others), 7.1 (false communications about lawyer or legal services), 8.2 (false statements regarding judges) 8.4 (misconduct).

    b)    Failure to follow the Federal Rules of Civil Procedure, including but not limited to Rule 7.1 (motion practice), 11 (truthfulness in pleadings), 56 (summary judgment)

    c)    Failure to follow the Local Rules of Civil Procedure for the Federal District of the Eastern District of Pennsylvania, including but not limited to Rule 7.1 (motion practice) and 83.6 (Attorney Rules of Conduct).

91.    As a result of Defendant's negligence and carelessness, Plaintiffs had a judgment placed against them, were forced to expend monies for legal fees, and were shut down for nearly two months, causing a loss of profits.

WHEREFORE, Plaintiffs demand judgment against Defendant, in an amount in excess of the jurisdictional limit of 28 U.S.C. §1332, together with costs of court.

## COUNT II

### Breach of Contract

92.    Plaintiffs incorporate their averments 1-91, above, as if they were set forth here in full.

93.    Plaintiffs had retained Thomas as their attorney.

94.    Thomas had a duty, both as attorney and as a fiduciary, to represent them in a competent manner.

95.    Thomas breached this duty by a:

    a)    Failure to follow the Rules of Professional Conduct, including but not limited to Rules 1.1 (competence), 1.3 (diligence), 1.4 (communication with client), 2.1 (advice to clients), 3.1 (meritorious claims), 3.2 (expediting litigation), 3.3 (candor to the tribunal), 3.4 (fairness to opposing party and counsel), 4.1 (truthfulness in statements to others), 7.1 (false communications about lawyer or legal services), 8.2 (false statements regarding judges) 8.4 (misconduct).

     b)     Failure to follow the Federal Rules of Civil Procedure, including but not limited to Rule 7.1 (motion practice), 11 (truthfulness in pleadings), 56 (summary judgment)

     c)     Failure to follow the Local Rules of Civil Procedure for the Federal District of the Eastern District of Pennsylvania, including but not limited to Rule 7.1 (motion practice) and 83.6 (Attorney Rules of Conduct).

96.     As a result of Thomas' breach of contract and fiduciary duty, Plaintiffs had a judgment placed against them, were forced to expend monies for legal fees, and were shut down for nearly two months, causing a loss of profits.

WHEREFORE, Plaintiffs demand judgment against Defendant, in an amount in excess of the jurisdictional limit of 28 U.S.C. §1332, together with costs of court.

## COUNT III

### Punitive Damages

97.     Plaintiffs incorporate their averments 1-96, above, as if they were set forth here in full.

98.     Defendant Thomas' actions and failures to act were in willful, intentional, reckless or callous disregard of, or indifference to, the rights of Plaintiffs as set forth in the preceding paragraphs of this Complaint, and constituted conduct so outrageous and/or malicious, as to warrant assessment of punitive damages in such an amount as would act as a deterrent to Defendant and others from the future commission of like offenses and wrongs.

WHEREFORE, Plaintiffs demand judgment against Defendant, in an amount in excess of the jurisdictional limit of 28 U.S.C. §1332, together with costs of court.

                                                                           Respectfully Submitted,

*Lionel C. Artom-Ginzburg*
LIONEL ARTOM-GINZBURG, ESQUIRE
PA ID#88644
834 Chestnut Street
Suite 206
Philadelphia, PA 19107-5100
(215) 925-2915
(267) 930-3934 FAX

November 9, 2020