1. **IN THE UNITED STATES DISTRICT COURT**
2. **FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
3.

| | |
|---|---|
| FCS CAPITAL, ET AL.,<br>          Plaintiff,<br><br>          v.<br><br>JOSHUA L. THOMAS, ESQ.<br><br>          Defendants | DOCKET NO.: 2:20-cv-05580 |

## **DEFENDANT'S ANSWER**

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted in part, denied in part. I was first approached by Robert Jacovetti to represent them. While I spoke with them several times about their case, I'd often speak with Mr. Jacovetti as well, as he wanted to discuss the matter and he'd often setup three way calls for all of us to discuss the case. (See Transcript page 177, lines 7-16.)

12. Admitted. Further, this pled in the motion to dismiss and answer that was submitted on their behalf.

13. Admitted. Further, this pled in the motion to dismiss and answer that was submitted on their behalf.

14. Admitted.

15. Admitted in part, denied in part. Although these were the direct communications between myself and them, there were numerous times when Robert Jacovetti would setup a 3-way call between myself and them, often calling me first.

16. Admitted.

17. Admitted.

18. Denied. There were numerous times we discussed discovery, and they even sent me responses to the discovery. (See pages 125-132 and 142-144 generally).

19. Denied. There were several communications with them, and Mr. Jacovetti. There were several emails and calls that were discussing this matter, including emails to Mr. Jacovetti, that were followed up with calls to discuss it, on October 8, 2019 and October 14, 2019. Mr. Jacovetti even confirmed this email on October 14, 2019. (See Exhibit A – emails).

20. Denied. They were expressly told about the extension, and the entire reason was so they could send me more information for the motion itself.

21. Admitted.

22. Admitted.

23. Admitted in part, denied in part. The motion was still ruled in an extension was originally granted.

24. Denied. This was not stated by the court, and is pure conjecture.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Denied. They had not sent me the new information I needed in order to update the summary judgment.

30. Denied. I spoke with Mr. Jacovetti on several occasions, and in fact, had at least one three way phone call, initiated by Mr. Jacovetti to discuss the matter, and the new documents the Defendants were supposedly going to be sending me.

31. Admitted. Again, this was to get more documents, which still had not been produced by defendants or Mr. Jacovetti.

32. Denied. Once gain, it was not "inattentiveness" and this was completely baseless and an attach not based on fact, but purely because I was allegedly going to be receiving new information, specifically call information to be used.

33. Admitted in part, denied in part. Admitted that is the case, law denied a partial citation of case law has any applicability in this case.

34. (skipped)

35. Denied. They were aware as I was awaiting information, as had been discussed with them.

36. Denied. As shown above, there was information to Mr. Jacovetti that he would relay to Mr. Shargel and Yashayev, by their own admission, and at least one call during that time.

37. Admitted in part, denied in part. Those calls were made, and a lengthier three way call occurred after that time.

38. Admitted in part, denied in part. Those calls were made, and a lengthier three way call occurred after that time.

39. Admitted in part, denied in part. Admitted the court filed an order, as to everything else denied.

40. Admitted.

41. Denied. There is no evidence of this, and a pleading was actually filed.

42. Admitted in part, denied in part. A motion for reconsideration is also permitted under FRCP 60, as was filed, up to a year after the order.

43. Denied. Two motions were actually filed.

44. Admitted.

45. Admitted in part, denied in part. A motion for reconsideration is also permitted under FRCP 60, as was filed, up to a year after the order.

46. Denied. There were numerous discussions with Mr. Jacovetti initiating three way calls.

47. Denied. This has been discussed with them on at least 2 occasions on those calls.

48. Admitted.

49. Denied. There was new evidence, and this is a misrepresentation of the motion.

50. Denied. They were substantiated based on everything I'd received from the defendants at that time.

51. Denied. The facts were not substantiated, as clearly stated in the motion to reconsider and all prior pleadings.

52. Admitted.

53. Denied. All reasons that could be stated in the motion were present; specifically new information had been procured that was not available at the time.

54. Denied. This is a misrepresentation of the court's ruling.

55. Admitted.

56. Denied. I informed them right away it was denied and we spoke several times and that we'd need to follow up with more. At their request, I even sent them the motion on January 27, 2020. Their messages on February 4, 2020 were followups to what I spoke with them about it. (See Exhibit B).

57. Denied. This is another misrepresentation, there were numerous calls during that time, and emails back and forth with Mr. Jacovetti as well.

58. Admitted.

59. Denied. This is an absolute lie, as they were not only informed about it, but the intent to try and delay the responses needed at their request. There were several three way calls about this. (See pages 125-132 and 142-144 generally).

60. Admitted in part, denied in part. The discovery had been discussed, at length, over the course of several calls, and emails, and the clients had requested the preliminary injunction be filed so no discovery responses were needed until the new motion to reconsider was ruled on. This is exactly what occurred.

61. Admitted in part, denied in part. The motion includes numerous issues that were relevant to the case, included evidence as to Shelton's character.

62. Denied. The ruling was appealed because it improperly relief on a rule of evidence to ignore incredibly important material facts at issue, and an appeal was filed, that the clients agreed to, because of this.

63. Denied. This is a gross misrepresentation of the motion.

64. Admitted. That's when an appeal was filed, and only withdrawn because their new attorney Lionel Artom-Ginzburg told them to withdraw it because he wasn't getting

paid to argue it, which he **admitted** and instead pursue an action me, even though we all still agreed it had merit. (See transcript page 125, lines 16-19).

65. Admitted in part, denied in part. It is admitted the appeal was filed because, in part of the issue with the rule of evidence, the rest is a complete misrepresentation.

66. Denied. This is, again, a complete misrepresentation and completely baseless; the only reason the appeal was withdrawn was because Lionel Artom-Ginzburg wasn't getting paid to argue it, even though the vast majority of the work, including filing the appellate brief and appendix, was done.

67. Denied. We'd had multiple conversations about it at that time, including the post-judgment discovery, the possibility of a bond, and not only did I explain it to them, but Mr. Jacovetti did as well.

68. Admitted.

69. Denied. I only responded after discussing it with them, as stated in 64.

70. Denied. I provided it again because the court wanted responses, denied our objection and stay, and as such, we needed to submit responses.

71. Denied. They knew about this well before that time, as there was a discussion that it should have, at most been only for half of that.

72. Admitted.

73. Denied. These motions were responded to and the appeal was still ongoing as well.

74. Admitted.

75. Admitted.

76. Admitted.

77. Denied. Several documents were produced, it was only because Shelton's attorney felt they were insufficient, that it was filed.

78. Admitted.

79. Denied. I told them it would be adjourned, and they were informed of when the new date would be. They instead chose to cut off all communication with me. (See Transcript page 110, lines 6-16).

80. Denied. I called them it occurred immediately after to discuss next time. They cut me off when I called, and would not respond back to me, apparently at their new attorney's instructions. At no point however, was I fired or told to remove myself form the case.

81. Denied. No fax was received. I only received those alleged documents as part of a court pleading later.

82. Denied. No fax was received. I only received those alleged documents as part of a court pleading later. He could have easily emailed these documents, as he and the clients had my email, but for reasons unknown, failed to do so.

83. Admitted. Further, I produced my fax records to show it was not received.

84. Denied. Again, I showed it was not received by me. Further, a followup call, email or any other communication could have been made, and it wasn't.

85. Admitted. See Transcript generally.

86. Denied. This a misrepresentation of the actual findings. See Transcript generally.

87. Denied. The only reason that judgment is still in place is because of the current attorney telling the clients to withdraw the valid appeal, that briefs had been submitted for, because he did not want to work on it.

88. Denied. I do not have information to confirm this.

89. Denied. I do not have information to confirm this.

90. Denied. I do not have information to confirm this. Further, it was Lionel Artom-Ginzburg who told them to withdraw it because he wasn't getting paid to argue it, which he **admitted** and instead pursue an action me. If they still felt the case was valid, as frankly I do, they should have, at a minimum, simply amended the appellate brief, rather than withdraw the entire thing. The **only** reason it was withdraw was because, against their interests, Lionel Artom-Ginzburg instructed them to ask me to withdraw it, because he did not want to argue it, because he wasn't getting paid to do so. Further, if the case truly continued to have merit, he should have pursued that for them, but instead, chose to work together with Shelton's attorney to pursue an action against me.

91. Denied. I do not have information to confirm this.

92. Denied. This is an incorporation paragraph.

93. Denied. This is a legal conclusion.

94. Denied. This is a legal conclusion.

95. Denied. This is an incorporation paragraph.

96. Admitted.

97. Admitted.

98. Denied. This is a legal conclusion.

99. Denied. This is a legal conclusion.

                        Thank you for your kind consideration,

12/30/2020                /s/ Joshua Thomas_____
                                Joshua Thomas, Esq.