IN THE FEDERAL DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

FCS Capital, LLC  
And Barry Shargel and Emil Yashayev  : Case No. 2:20-cv-5580

v.

Joshua L. Thomas, Esquire  : MOTION TO STRIKE

MOTION TO STRIKE DEFENDANT'S ANSWER

1. On December 30, 2020 [ECF 13], Defendant Joshua L. Thomas, Esquire filed an Answer to Plaintiffs' Complaint [ECF 1].

2. As part of his Answer, Thomas included the entirety of a transcript of a sanctions hearing against him that was held on November 4, 2020 before Judge Wolson in the prior case of Shelton v. FCS Capital, 18-cv-03736-JDW, and cited to it repeatedly.

3. All references to page numbers of a transcript are therefore to the Evidentiary Hearing of November 4, 2020, attached to Defendant's Answer as Exhibit "A."

4. As a threshold matter, the Answer is misnumbered such that it is extremely difficult to determine to which averments Defendant is answering; Plaintiff's Complaint contains 98 averments, Defendant's Answer begins numbering at #4 and continues through #99.

5. Plaintiffs therefore respectfully request that the Answer be stricken, without prejudice, for failure to conform to "failure to conform to law or rule of court", namely Rule 10(b) and Rule 12(e), which require properly numbered paragraphs and permit a pleading to be struck for a more definite statement where a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response."

6. Further, if Defendant was truthful in his Application for extended time [ECF 9], and sent the Complaint to his malpractice carrier, he is likely in violation of the terms of his insurance contract by answering the Complaint *pro se* and may have actually voided his coverage.

7. Defendant's Answer also, puzzlingly, given that Defendant is an attorney of nearly ten years standing, lacks affirmative defenses, which clearly sabotages his ability to defend the action.

8. Plaintiffs therefore restate their requests made in their Motion for an Early Rule 26 Conference [ECF 12] that this Honorable Court direct malpractice insurance information be turned over promptly.

9. Finally, in paragraphs 64, 66, and 90, Defendant includes an accusation that the undersigned counsel requested that FCS Capital, Barry Shargel, and Emil Yasheyev discontinue the appeal in Shelton because the undersigned counsel was not going to be paid for it, and that the undersigned counsel admitted it during the hearing of November 4, 2020.

10. This is in direct contradiction to the testimony in the hearing Thomas attached to his Answer.

11. On Page 212 of the transcript (lines 14-17), Thomas himself summarizes the testimony of his own former clients as Yashayev not knowing why the appeal in Shelton was withdrawn and Shargel stating that he was "fed up with everything and just wanted it withdrawn."

12. The undersigned counsel has read the transcript repeatedly, and the only reference he can find that he himself made to finances is a reference on page 269 (lines 8-21) as to the situation both he and his clients could find themselves in in prosecuting this malpractice action (not any appeal) should Defendant turn out to have lied to the Supreme Court of Pennsylvania in his annual registration (which states that he has malpractice insurance) and not carried malpractice insurance.

13. As such, these references to the undersigned counsel's allegedly pecunious nature are impertinent and scandalous, and should be stricken under Rule 12(f).

14. In Ruder v. Pequea Valley School Dist., 790 F. Supp. 2d 377, 389 (E.D.Pa. 2011), the Court stated that the test for scandalous and impertinent matter under Rule 12(f) is whether "the allegations have no possible relation to the controversy and may cause

prejudice to one of the parties, or if the allegations confuse the issues in the case." (citations omitted).

15. Plaintiffs have already stated in their Complaint that the appeal in the Shelton case was frivolous; the proper defense to an accusation of a frivolous filing in the context of a legal malpractice claim is to state the merits of the filing, not launch an *ad hominem* attack on successor counsel.

16. Plaintiffs therefore respectfully request that this Honorable Court strike the pleading in its entirety, without prejudice, and grant Defendant 14 days to file an Amended Answer.

                        Respectfully Submitted,

                        ___/s_____
                        LIONEL ARTOM-GINZBURG, ESQUIRE
                        PA ID#88644
                        834 Chestnut Street
                        Suite 206
                        Philadelphia, PA 19107-5100
                        (215) 925-2915
                        (267) 930-3934 FAX

December 31, 2020

IN THE FEDERAL DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

FCS Capital, LLC  
And Barry Shargel and Emil Yashayev           : Case No. 2:20-cv-5580

v.

Joshua L. Thomas, Esquire

CERTIFICATE OF SERVICE

I, Lionel Artom-Ginzburg, Esquire, do certify that on this date I served a copy of the preceding Motion to Strike upon Defendant, Joshua L. Thomas, Esquire, by the electronic filing system of the CM/ECF system of the Federal District Court for the Eastern District of Pennsylvania.

Respectfully Submitted,

/s  
LIONEL ARTOM-GINZBURG, ESQUIRE  
PA ID#88644  
834 Chestnut Street  
Suite 206  
Philadelphia, PA 19107-5100  
(215) 925-2915  
(267) 930-3934 FAX

December 31, 2020