IN THE FEDERAL DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

FCS Capital, LLC
And Barry Shargel and Emil Yashayev      : Case No. 2:20-cv-5580
                                         :
v.                                       :
                                         :
Joshua L. Thomas, Esquire                : RULE 26(f) Report

**Rule 26(f) Report**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on January 27, 2021 and submit the following report of their meeting for the Court's consideration:

I.   **Claims and defenses**

   Plaintiff: Plaintiffs maintain that the Defendant committed legal malpractice in the Shelton v. FCS Capital litigation by, *inter alia*, failing to respond to discovery, including admissions, failing to respond to a summary judgment motion despite being given extra time due to a defect in the form of the motion causing it to be stricken and resubmitted, failing to notify his clients of the subsequent judgment, filing a motion for reconsideration that did not follow Local Rules, filing a second motion for reconsideration which was denied because it did not show any new evidence which would disturb the earlier judgment, failure to answer post-judgment asset discovery which cost his clients over $7500 in attorney's fees sanctions, taking a meritless appeal to the Third Circuit Court of Appeals, and making false representations both to opposing counsel and to the Court. Plaintiffs feel that most of the factual issues of this case have been fixed due to the operation of *res judicata* and issue preclusion in the prior case, and anticipate a Motion for Summary Judgment at the earliest possible time.

   Defense: Defendant maintains that his appeal and execution defense strategy had merit and would have provided relief to his former clients had the appeal not been withdrawn on the advice of the undersigned counsel and the substitution of counsel not been made in the execution portion of the underlying case. Defendant feels the need to depose witnesses and Plaintiff's counsel as well, because he already has contested facts on the record, and likely will need to explain several of those facts and exactly what his thought process was in getting involved in the case and his fee agreement, given those issues were not part of the prior action and barred by the judge in that matter from being asked several times.

II. **Informal Disclosures**

Plaintiff has provided 26(a) disclosures and does not see the need for any other evidence outside that which was provided to Judge Wolson to set the scope of the sanctions hearing held November 4, 2020 in the underlying case. He has received 26(a) disclosures from Defendant, including insurance information, and has supplied Defendant with a release that Arch Insurance Company needs to be able to provide a copy of anything, including the policy (which appears not to be in the possession of Defendant), from Defendant's file. It appears that Arch Insurance Company (the relevant carrier at the time of the alleged malpractice) has a "claims made and reported" requirement in its policy, and it is unknown at this point whether Defendant reported the possible exposure in the five months between the occurrence and his switch to a second insurance company.

Defendant is in the process of finalizing 26(a) disclosures notes that he will be asking for the fee agreement, as well as further discovery regarding all communications regarding the hiring of Plaintiff's attorney for the prior case, all communications regarding that prior case and depositions of not only the Plaintiffs but their attorney as well. Further, it is noted that if there is no need for any further evidence, the Plaintiff's attorney should withdraw his currently pending motion. Defendant reserves the right to supplement this after further information is gathered.

III. **Formal Discovery**

Parties agree on a standard track of discovery (90 days fact, 60 days expert report, 60 days expert deposition).

IV. **Electronic discovery.**

Electronic discovery will be minimal. Plaintiff's counsel may wish to have an expert examine the headers of an electronic mail allegedly sent by Defendant to Plaintiffs during the course of the underlying litigation (it was identified on the record by Defendant at the November 4, 2020 hearing, but none of the recipients reported having received it.)

Defendant will be asking for all emails regarding the underlying matter between Plaintffs and Plaintiff's counsel and considering the nature of this case, feels these will not be protected by attorney client privilege.

V. **Expert witness disclosures.**

Plaintiffs have tentatively identified expert witnesses for both attorney duty-of-care and for email forensics, but are awaiting resolution of the insurance question to

decide as to whether to retain those witnesses. Plaintiffs therefore wish to wait until that issue is addressed to make disclosures.

Defendant wishes to identify his expert witnesses after a fair period of time after Plaintiff has identified his witnesses.

## VI. Early settlement.

Neither party is opposed to ADR (arbitration or mediation), though terms were not explicitly discussed.

## VII. Trial

Both parties think that this would be a 2-3 day trial which should be scheduled approximately 30-60 days after the end of all discovery.

Respectfully submitted,

*/s/ Lionel C. Artom-Ginzburg*

Lionel C. Artom-Ginzburg, Esquire
For Plaintiffs, FCS Capital, LLC,
Barry Shargel, and Emil Yashayev
PA ID#88644
834 Chestnut Street
Suite 206
Philadelphia, PA 19107-5100
(215) 925-2915
(267) 930-3934 FAX

*/s/ Joshua L. Thomas*

Joshua L. Thomas, Esquire
For Defendant, Joshua L. Thomas Esquire
PA ID#312476
Joshua L. Thomas & Associates
225 Wilmington-West Chester Pike
Suite 200
Chadds Ford, PA 19317
(215) 806-1733
(888) 314-8910 FAX