IN THE FEDERAL DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FCS Capital, LLC<br>And Barry Shargel and Emil Yashayev | :<br>: Case No. 2:20-cv-5580<br>: |
| v. | :<br>: |
| Joshua L. Thomas, Esquire | : |

MOTION FOR BOND PURSUANT TO FRAP 7

This matter having been appealed on February 10, 2022, Plaintiffs FCS Capital, LLC, Barry Shargel, and Emil Yashayev, through their attorney, hereby move, pursuant to Federal Rule of Appellate Procedure 7, for a bond to be required of Defendant to perfect his appeal.

1. The background of this case is well known, perhaps entirely too well known, to the Court.

2. The brief version is that Plaintiffs sued Defendant for legal malpractice so grossly negligent and reckless that this Court awarded punitive damages upon judgment—token punitive damages, to be admitted, but nonetheless punitive damages.

3. The Court noted, in its opinion granting Summary Judgment [ECF 37], that "Due process takes time and deliberation, but Mr. Thomas seeks to turn due process into an interminable and intentional misuse of process. If the Court were to continue to countenance Mr. Thomas' twisted machinations, it would signal that they may have some real legal and factual import rather than an obvious sham that needs to be immediately flagged and condemned."

4. Mr. Thomas has now taken an appeal [ECF 39] from the Court's very carefully reasoned Order and Memorandum of January 11, 2022 [ECF 37].

5. It is Plaintiffs' contention that this appeal is utterly frivolous, vexatious, dilatory, and obdurate, given that no serious opposition was given to the summary judgment motion in <u>this</u> case, and that Defendant ended up being reported to the Disciplinary Board and the Disciplinary Panel of the Eastern District for contradicting a sworn affidavit that was of record in his own disciplinary hearing, in what little opposition he mounted.

6. Federal Rule of Appellate Procedure 7 states that "In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."

7. Normally, it is presumed that costs can be paid by appellants, unless they demonstrate otherwise. In re Nutella Mktg & Sales Practices, Civ. No. 11-1086, 2012 WL 6013276, at *2 (D.N.J. Nov. 20, 2012) (Wolfson, J.), *aff'd* 589 Fed. App'x 53 (3d Cir. 2014) (unpublished) ("[T]he Objectors, who are a geographically diverse group of individuals, have not provided any evidence or certification representing that they will be able to pay fully the costs of an appeal.").

8. This Honorable Court has already taken judicial notice that Defendant has been suspended from the practice of law (Office of Disciplinary Counsel v. Joshua L. Thomas, No. 2822 Disciplinary Docket No. 3, No. 115 DB 2021; [ECF No. 35 Exhibit 1]) , and without evidence that he is gainfully employed, it is not clear how Mr. Thomas intends to pay the taxable costs of the appeal, or, indeed, the sanctions he is likely to receive under Rule 38 at the 3rd Circuit.

9. While to the knowledge of counsel, despite research, the issue has not been directly litigated in the 3rd Circuit, the 1st Circuit has held that it is in the discretion of a District Court Judge to ensure that an FRAP 7 bond include sufficient funds to cover attorney's fees in the event the appeal is found to be frivolous under Rule 38 of the Federal Rules of Appellate Procedure. Sckolnick v. Harlow, 820 F.2d 13, 15 (1st Cir.1987) (per curiam).

10. Defendant Thomas, of course, is quite familiar with Rule 38 sanctions, given that he received them last March in a reported opinion from the 3rd Circuit.  See Conboy v. US Small Business Admin., 992 F.3d 153 (3d Cir. 2021).

11. The principle behind Sckolnick, that an appellant should have to put up, as a bond, potential attorney's fees for an inevitable Rule 38 finding of frivolity, has been tested in a few circuits, and approved in some (Adsani v. Miller, 139 F. 3d 67 (2d Cir. 1998), Pedraza v. United Guar. Corp., 313 F. 3d 1323 (11th Cir. 2002)) and disapproved of in others (Azizan v. Federated Department Stores, 499 F. 3d 950 (9th Cir. 2007), Vaughan v. American Honda Motor Company, 507 F.3d 295 (5th Cir. 2007)).

12. The Third Circuit has not given any indication of how it would rule on this issue—traditionally attorney's fees are not considered to be taxable in the Third Circuit unless the underlying statute explicitly permits them.  Hirschensohn v. Lawyers Title Ins. Corp., Civ. No. 96-7312, 1997 WL 307777, at * 1 (3d Cir. June 10, 1997).

13. However, in the appeal of the Nutella case, *supra*, Judge Rendell, in another unpublished decision, permitted a bond to stand where one of the issues raised in the appeal was the District Judge's determination that one of the factors in setting the bond was that "the unresponsiveness of the Objectors' briefs in the present motion, coupled with the fact that the Objectors appear to be objectors who repeatedly raise objections in class actions around the country, further suggest that their appeal in this case is meritless." Letter Order (CA21.) Given the fact that the objectors were nonresponsive in their briefing objecting to the imposition of the appeal bond, and because the bond was placed collectively on the ten objectors rather than individually, we cannot conclude that the District Court abused its discretion in requiring an appeal bond here." In re Nutella Mktg. & Sales Practices Litig., 589 F. App'x 53 (3d Cir. 2014).

14. Counsel anticipates that an appeal of this matter, providing that oral argument is not granted, will take at least 25-50 billable hours of time (based on the 20 or so appeals counsel has taken to completion over the years).

15. Counsel is not so bold as to suggest an hourly rate for himself, but has been practicing for almost 20 years (admitted April 2002).

16. It is therefore easily conceivable that an appeal of this matter will require at least $8,000 in legal fees and approximately another $1,000 in reproduction costs for clients who have already lost in excess of $60,000, excluding legal fees (both for Mr. Thomas and the undersigned counsel) due to Mr. Thomas' gross and obvious malpractice, all to ensure perfection of a judgment that cannot be seriously questioned by anyone with a modicum of sense.

17. Plaintiffs request that a Rule 7 bond be set by this Honorable Court in the amount of at least $10,000.

18. This is, of course, separate and apart from any other bond Mr. Thomas may wish to post to ensure supersedeas attaches to his appeal.  (The undersigned counsel will remind him to look at FRCP 62(b) rather than waste the Court's time by filing for an injunction, as he did in the original <u>Shelton v. FCS Capital</u> case.).

                                              Respectfully submitted,

                                              _____/s_____
                                              LIONEL ARTOM-GINZBURG, ESQUIRE
                                              PA ID#88644
                                              834 Chestnut Street
                                              Suite 206
                                              Philadelphia, PA 19107-5100
                                              (215) 925-2915
                                              (267) 930-3934 FAX
                                              lionel@artom-ginzburg.com

IN THE FEDERAL DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FCS Capital, LLC<br>And Barry Shargel and Emil Yashayev | :<br>: Case No. 2:20-cv-5580<br>: |
| v. | :<br>: |
| Joshua L. Thomas, Esquire | : |

CERTIFICATE OF SERVICE

On this date, I state that I caused to be served a copy of the preceding Motion for Summary Judgment upon Joshua Thomas, Esquire, by means of the Electronic Case Filing System of the Federal District Court for the Eastern District of Pennsylvania.

                                                   Respectfully Submitted,

                                                   _____/s_____
                                                   LIONEL ARTOM-GINZBURG, ESQUIRE
                                                   PA ID#88644
                                                   834 Chestnut Street
                                                   Suite 206
                                                   Philadelphia, PA 19107-5100
                                                   (215) 925-2915
                                                   (267) 930-3934 FAX
                                                   lionel@artom-ginzburg.com

February 10, 2022