IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FCS CAPITAL LLC, et al.,** | : | CIVIL ACTION |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| **JOSHUA L. THOMAS, ESQUIRE,** | : | |
| *Defendant.* | : | NO.  20-cv-05580 |

## ORDER

**AND NOW**, this 28th day of February 2022, it is hereby **ORDERED** that Plaintiffs' Motion for Bond Pursuant to Federal Rule of Appellate Procedure 7 is hereby **GRANTED in part** as follows.

On February 10, 2022, Plaintiffs filed a Motion for Bond Pursuant to Federal Rule of Appellate Procedure 7 ("Rule 7") asking for a bond to be required of Defendant Joshua L. Thomas to perfect his appeal in the amount of at least $10,000. ECF No. 40 ¶ 17; Fed. R. App. P. 7.  In their Motion, Plaintiffs argue that Defendant Thomas' appeal is likely frivolous and "that an appellant should have to put, as a bond, potential attorney's fees for an inevitable Rule 38 finding of frivolity." ECF No. 40 ¶ 11 (citing *Sckolnick v. Harlow*, 820 F.2d 13, 15 (1st Cir. 1987) (per curiam)). Defendant Thomas filed no response to Plaintiffs' Motion.

The Third Circuit has found that despite a district court's general discretion with respect to Rule 7 bonds, "[w]hen determining the amount of the bond, **'[c]osts' referred to in Rule 7 are those that may be taxed against an unsuccessful litigant under Federal Rule of Appellate Procedure 39** [("Rule 39")]." *Hirschensohn v. Lawyers Title Ins. Corp.*, Civ. No. 96–7312,1997 WL 307777, at * 1 (3d Cir. June 10, 1997) (citation omitted) (emphasis added). Rule 39 enumerates the following costs on appeal that are taxable in the district court: (1) the

preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal. Fed. R. App. P. 39.

Attorney's fees are not included within the scope of Rule 39 and are also not taxable in the Third Circuit unless explicitly permitted to be taxable by an underlying statute. *See Id.* Accordingly, this Court finds that attorney's fees are outside the scope of costs that can be considered by a Court when setting bonds pursuant to Rule 7 regardless of how likely it is the appeal will, ultimately, be deemed frivolous. *See Hirschensohn*, 1997 WL 307777, at *2–3 (finding "attorneys' fees are distinct from the 'costs' defined by Rule 39," and therefore, were excluded from a Rule 7 bond); *See Rossi v. Proctor & Gamble Co.*, No. CIV.A. 11-7238 JLL, 2014 WL 1050658, at *3 (D.N.J. Mar. 17, 2014), *aff'd* (Jan. 6, 2015) ("Plaintiff cites no binding legal authority suggesting that a district court may step into the shoes of an appellate court to decide whether an appeal is frivolous under Federal Rule of Appellate Procedure 38. This Court therefore determines that it has no authority to include prospective costs and damages under Rule 38 in a Rule 7 appeal bond.").[1]

---

[1] Although in slight contradiction to the general rule that Rule 7 bonds are limited to the costs enumerated in Rule 39, in 2012, the Third Circuit upheld a Rule 7 bond that included fees outside the scope of Rule 39. *See In re Nutella Mktg & Sales Practices*, Civ. No. 11-1086, 2012 WL 6013276 (D.N.J. Nov. 20, 2012) (Wolfson, J.), aff'd 589 Fed.Appx. 553 (3d Cir. Sept. 11, 2014) (finding that district court did not abuse its discretion with respect to an appellate bond pursuant to FRAP 7 that included administrative expenses related to the appeal). However, post-*Nutella*, courts within the Third Circuit have continued to interpret the law as limiting appeal bonds to the enumerated items in FRAP 39. *See e.g., Schwartz v. Avis Rent a Car Sys.*, LLC, No. CV 11-4052 (JLL), 2016 WL 4149975, at *4 (D.N.J. Aug. 3, 2016) ("Moreover, this Court's determination that administrative costs are not properly included in a Rule 7 bond is consistent with the vast majority of district court decisions within the Third Circuit that have considered the costs that may be included in a Rule 7 bond."); *In re Certainteed Fiber Cement Siding Litig.*, No. 2270, 2014 WL 2194513, at *4 (E.D. Pa. May 27, 2014) ("[M]ost decisions within this Circuit that have considered this question have decided that a bond imposed under Rule 7 cannot secure costs associated with continued administration of a settlement fund or damages caused by delay incident to an appeal."); *In re Diet Drugs Products Litig.*, MDL No. 1203, Civ. No. 99-20593, 2000 WL 1665134, at *5 (E.D. Pa. Nov. 6, 2000) ("[C]osts under Rule 7 are limited to the costs enumerated under Federal Rules of Appellate Procedure 7 and 39 and 28 U.S.C. § 1920."); *In re Ins. Brokerage Antitrust Litig.*, Civ. No. 04-

For the reasons set forth above this Court hereby **ORDERS** that a $5,000 bond pursuant to Federal Rule of Appellate Procedure 7 shall be required of Defendant Thomas to perfect his appeal to secure the costs enumerated in Federal Rules of Appellate Procedure 39. Fed. R. App. P. 39.

/s/ *Chad F. Kenney*

**CHAD F. KENNEY, JUDGE**

---

5184, 2007 WL 1963063, at *5 (D.N.J. July 2, 2007) ("following the rational set forth in *Hirschensohn*" in omitting attorneys' fees from a bond amount).